1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br><br>    v.<br><br>NATIONAL EXPRESS GROUP PLC,<br><br>                Defendant. | NO.  2:12-cv-757  RSM<br><br>CONSENT DECREE AND FINAL JUDGMENT |

## CONSENT DECREE AND FINAL JUDGMENT

**WHEREAS**, Plaintiff, the State of Washington, filed its Complaint in this action, and Defendant, National Express Group PLC, by and through its attorneys, have consented to the entry of this Consent Decree and Final Judgment, and have waived notice of presentation of this Consent Decree, and without this Consent Decree and Final Judgment constituting any evidence or admission by any party with respect to any issue of fact or law, except as to the jurisdiction of this Court which Defendant expressly admits;

**NOW, THEREFORE**, before any testimony is taken, and without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is **HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

## I. JURISDICTION

A.	This Court has jurisdiction over the subject matter of this action and over each of the parties hereto.  The Complaint states claims upon which relief may be granted against the Defendant under Section 7 of the Clayton Act, 15 U.S.C. §18, as well as under the Washington Unfair Business Practices - Consumer Protection Act, Wash. Rev. Code § 19.86.060.

B.	The Attorney General of Washington has the authority to bring this action pursuant to Section 16 of the Clayton Act, 15 U.S.C. §26, and pursuant to Wash. Rev. Code §§ 19.86.060, 080.

C.	Venue is proper in the United States District Court for the Western District of Washington.

## II. DEFINITIONS

As used in this Consent Decree and Final Judgment:

A.	"Petermann" means Petermann Partners, Inc., a Delaware corporation with its headquarters in Cincinnati, OH, its successors and assigns, subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B.	"National Express" means National Express Group PLC, a public limited company registered in England and Wales, with its headquarters in Birmingham, England, its successors and assigns, subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

C.	"Acquisition" means the acquisition by National Express of Petermann, resulting in the merger of Petermann into National Express pursuant to a Stock Purchase Agreement executed on or about September 12, 2011.

D.	"School Bus Services" means home to school and return transportation of students for profit and any related services customarily provided in connection with home to school and

return transportation, such as transportation for field trips and other extracurricular activities. "School Bus Services," for purposes of this Consent Decree and Final Judgment, does not include transportation provided by a District itself.

E. "School Bus Services Company" means any company that currently provides school bus services, has bid on school bus service contracts in the past, or has the necessary assets, capacity and intent to compete with the Defendant for school bus service contracts.

F. "Attorney General" or "Attorney's General Office" means the Attorney General of the State of Washington.

G. "RFP" means requests for proposal or for bid.

H. "District" refers to local school districts, school unions, consolidated school districts and any and all other local school authorities, units and public entities representing any of the foregoing, located in the State of Washington, for purposes of School Bus Services procurement.

I. "Defendant" means National Express, or where applicable, the surviving entity after the Acquisition.

### III. APPLICABILITY

A. The provisions of this Consent Decree and Final Judgment shall apply to Defendant, its successors and assigns, its subsidiaries, affiliates, directors, officers, managers, agents, and employees, and all other persons in active concert or participation with any of them who have received actual notice of this Consent Decree by personal service or otherwise. For the avoidance of doubt, nothing in this provision shall be construed to bind a District to this Consent Decree as a party in active concert or participation to the Defendant.

B. Defendant shall notify Plaintiff in writing at least thirty (30) days prior to any proposed change that may affect its compliance obligations under this Consent Decree and Final Judgment, such as dissolution, assignment, sale resulting in emergence of a successor entity, or the creation or dissolution of subsidiaries, or any other change that may affect compliance

CONSENT DECREE AND FINAL JUDGMENT – No. 2:12-cv-757

3

**ERROR! AUTOTEXT ENTRY NOT DEFINED.**

obligations under this Consent Decree and Final Judgment.  A copy of this Consent Decree and Final Judgment shall be given to any successor entity.

C.  Defendant shall require, as a condition of the sale or other disposition of all or substantially all their assets or stock, or the sale of a substantial part of their assets that include School Bus Services, that the purchaser agrees to be bound by the provisions of this Consent Decree and Final Judgment.

D.  Defendant agrees that this Consent Decree and Final Judgment is entered voluntarily and represents the entire agreement of the parties.  Defendant agrees and represents that any persons signing this Consent Decree and Final Judgment have been authorized by the Defendant's board of directors to execute this Consent Decree and Final Judgment on the Defendant's behalf.

## IV.   REMEDIES

### A.   Prior Notice of Future Acquisitions

1.  During the ten (10) year period from the entry of this Consent Decree and Final Judgment, Defendant shall provide no less than sixty (60) days' advance written notice prior to the closing of any intended acquisition, in whole or in part, of any assets, stock, or contracts, held by any School Bus Services Company that provides or has provided School Bus Services in the State of Washington within the last five (5) years, to the Attorney General (the "waiting period").  For the avoidance of doubt, this provision shall not apply to any School Bus Services contract that may be awarded to Defendant as a result of a bid process by a school board or District.

2.  Such written notice shall include the following information and documents:

(a)  The name and address of the School Bus Services Company to be acquired or from which assets or the existing contract for the provision of School Bus Services is being acquired, and the address of each location within the State where the School Bus Services Company operates;

1         (b)    The name of each principal or officer of the School Bus Services Company;

        (c)    With respect to both the Defendant and the School Bus Services Company to be acquired:

            (i)    all contracts with Districts for School Bus Services at the time of the intended acquisition, the identity of the Districts and the representative in each District who has served as the contact person along with their contact information, the length of time the Defendant or School Bus Services Company to be acquired has provided School Bus Services to each District, the date of the last bid made to the District, and the annual revenues derived from that District the past three (3) years, and the locations, ownership (e.g., whether it is owned or leased, identity of lessor, etc.) and capacities of the depots, and repair and maintenance facilities used to provide services to each District;

            (ii)    a list of all bids to provide School Bus Services in the State of Washington in the past five (5) years, and providing the dates of such bids, a copy of the most recent RFP, the identity of each other bidder and their bids (if known), the identity of the winner(s), and a copy of the contract if the Defendant or School Bus Services Company to be acquired was the winner.

        (d)    Copies of any contract(s) and all other related agreements by which the acquisition will be completed.

    3.    The Plaintiff may, at any time prior to the expiration of the sixty (60) day period after receipt of such notice, request additional information or documentary material relevant to the proposed acquisition from the Defendant. Defendant shall provide the information within ten (10) business days after the request is made, or not less than ten (10) business days before

the acquisition is consummated, whichever is sooner (or such other period of time as may be agreed upon by the Plaintiff and Defendant).  Nothing in this paragraph shall preclude the Plaintiff and Defendant from negotiating an extension to the waiting period provided for in this paragraph.

4. The information provided by Defendant to Plaintiff under this section shall be accorded all confidentiality protections available under Washington law and Wash. Rev. Code § 19.86.110.  To the extent that any of the information described above is information of a third party, Defendant shall use all reasonable efforts to obtain permission to provide such information to the Plaintiff.  If such permission is not received, Defendant shall promptly notify the Plaintiff.

5. This section shall be broadly construed and any ambiguity or uncertainty regarding providing written notice under this section shall be resolved in favor of providing such notice.

**B.    Availability of Depot, Repair and/or Maintenance Facilities**

1. The intent of this provision is to prohibit Defendant from taking actions that would restrict or frustrate access to third-party facilities by a District or competing School Bus Services Companies.

2. For a period of ten (10) years following entry of this Consent Decree, if Defendant is leasing a depot, repair, and/or maintenance facility from a third party (other than a District) for the provision of School Bus Services to a District that is planning to or has issued an RFP, and the Defendant does not bid or is not the winning bidder, Defendant shall take no action that would prevent or frustrate either the District, or a winning bidder(s), from securing access as a new tenant (and not through a sub-let unless Defendant receives written authorization from Plaintiff) to such depot, repair, and/or maintenance facility, and Defendant shall promptly and expeditiously effectuate a complete transfer without delay, without causing unreasonable hardship to the District or winning bidder(s), and to the fullest extent allowed

under the lease.  Defendant is required to use its best efforts in obtaining a landlord's consent in negotiating leases in accordance with the obligations in this provision. To the extent necessary to effectuate these provisions, Defendant shall also take no action to prevent any of the relevant employees who exclusively or primarily serviced the most recent contract from being employed by the winning bidder(s).

3. Defendant shall notify the District of this requirement by the earlier of the date Defendant learns of the District's intent to go out to bid, or six months prior to the contracts earliest expiration date (*i.e.*, before any optional extensions offered under the contract's original term).

## V. ATTORNEYS' FEES AND COSTS

A. Pursuant to Wash. Rev. Code § 19.86.080, Defendant shall pay to Plaintiff the sum of fifty one thousand six hundred ninety five dollars ($51, 695) for the sole purpose of reimbursing the Attorney General for its fees, expenses, and costs incurred in this matter, or for the limited purpose of future antitrust enforcement.  Such payment shall be made by cashier's check or wire transfer to the Washington Attorney General, and shall be paid no later than June 30, 2012.

B. In addition, Defendant shall pay the Plaintiff, as applicable, the actual fees and costs incurred by the Plaintiff State for work performed after entry of this Consent Decree and Final Judgment, directly related to overseeing and monitoring the specific remedies herein. Defendant shall make prompt payment within ten (10) business days after submission of such bills for post-judgment fees and costs.  Such funds shall be used solely for the purpose of reimbursing the Attorney General for its fees and costs incurred for oversight and monitoring of the remedies provided for in this Consent Decree and Final Judgment.

C. If the Plaintiff brings an action to enforce the provisions of the Consent Decree and Final Judgment, and prevails, Defendant shall reimburse the State's actual reasonable fees and costs incurred in bringing the enforcement action.  The remedies set forth in the Consent

CONSENT DECREE AND FINAL
JUDGMENT – No. 2:12-cv-757

7

**ERROR! AUTOTEXT ENTRY NOT DEFINED.**

1  Decree and Final Judgment are in addition to any remedies available to the Plaintiff for
2  violation of the terms of this Consent Decree and Final Judgment.  The terms of this subsection
3  have no reciprocal effect, in that Defendant shall not be entitled to attorneys' fees or costs from
4  the Plaintiff in the event Plaintiff brings an action to enforce this Consent Decree and Final
5  Judgment and does not prevail in that action.

6  **VI.   RECORDS RETENTION AND COMPLIANCE INSPECTION**

7  A.   Defendant shall retain all bid and contract files, including internal memoranda, notes,
8  calculations and correspondence relating to such bid and contract files, concerning any District
9  within Washington for the term of this Consent Decree and Final Judgment.

10  B.   If, during the process of attempting to win School Bus Services contracts within
11  Washington, the Defendant learns of the bid or quote prices of their competitors, for example
12  when the bids or quotes are unsealed, the Defendant shall record this information in a manner
13  consistent with their current practices, and retain this information, together with the bid or
14  quote specifications, and, if known, any price changes that occur during post-bid or post-quote
15  negotiations.

16  C.   For the purposes of determining or securing compliance with this Consent Decree and
17  Final Judgment, and subject to any recognized privilege, from time to time duly authorized
18  representatives of the Plaintiff, including consultants and other persons retained by the
19  Plaintiff, shall, on reasonable notice to the Defendant, be permitted:

20      1.   access during Defendant's office hours to inspect and copy, or at the Plaintiff's
21  option, to require Defendant to provide copies of, all books, ledgers, accounts, correspondence,
22  memoranda, and other records and documents in the possession, custody or control of the
23  Defendant, relating to any matters contained in the Consent Decree and Final Judgment; and

24      2.   to interview, either informally or on the record, Defendant's officers,
25  employees, or agents, who may have their individual counsel present, regarding such matters.
26

The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendant.

D. Upon the written request of duly authorized representative of the Plaintiff, Defendant shall submit written reports, under oath if requested, relating to any of the matters contained in this Consent Decree and Final Judgment as may be requested.

E. No confidential information or documents obtained through the foregoing means shall be divulged by the Plaintiff to any other person other than an authorized representative of the Executive Branch of the United States, except in the course of legal proceedings to which a Plaintiff is a party, or for the purpose of securing compliance with this Consent Decree and Final Judgment, or as otherwise required by law.

F. If at the time information or documents are furnished by Defendant to the Plaintiff, Defendant represents and identifies in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and Defendant mark each page of such material, "Subject to claim of protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure," then the Plaintiff shall give ten (10) calendar days' notice prior to divulging such materials in any legal proceeding.

## VII.   RETENTION OF JURISDICTION

A. Jurisdiction is retained by this Court for the purpose of enabling the parties to this Consent Decree and Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction, implementation, or modification of any of the provisions of this Consent Decree and Final Judgment, for the enforcement of compliance herewith, and for the punishment of any violations hereof.

## VIII.   EXPIRATION OF CONSENT DECREE AND FINAL JUDGMENT

A. Unless this Court grants an extension, this Consent Decree and Final Judgment shall expire ten (10) years from the date of its entry.

## IX.  ENFORCEMENT

A. Nothing in this Consent Decree and Final Judgment shall be construed to limit or bar any other governmental entity or consumer from pursuing other available remedies against Defendant.

B. Apart from actions specifically mandated by this Consent Decree that relate to anticompetitive concerns with the Acquisition, under no circumstances shall this Consent Decree or the name of the Plaintiff or any of its employees be used by any Defendant as an endorsement or approval of Defendant's acts, practices or conduct of business.

C. Unless otherwise provided in this Consent Decree, interpretation, enforcement, or modification of this Decree shall be governed by federal law to the extent applicable; otherwise, the law of the State of Washington shall apply.

## X.  NOTIFICATIONS

All notices issued pursuant to this Consent Decree and Final Judgment shall be issued, with a reference to the case caption and number, to the following:

To the Plaintiff:

WASHINGTON

>Jonathan A. Mark
>Assistant Attorney General
>Office of the Attorney General of Washington
>800 5th Ave, Suite 2000
>Seattle, WA 98104-3188
>(206) 389-3806

/ / / / /

/ / / / /

To the Defendant:

    NATIONAL EXPRESS GROUP PLC

        Michael Hampson
        Company Secretary and Group Legal Director
        National Express Group PLC
        National Express House
        Mill Lane
        Digbeth
        Birmingham B5 6DD
        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 130130

        Cristen Kogl
        Senior Vice President and General Counsel
        National Express Corporation
        4300 Weaver Parkway
        Warrenville, IL 60555
        630-821-5629

## XI.    APPROVAL AND ORDER

This Consent Decree and Final Judgment is approved and hereby entered pursuant to 15 U.S.C. § 26 and Wash. Rev. Code § 19.86.080.  This proceeding, in all other respects, is hereby dismissed with respect to Defendant.

It is SO ORDERED this 10th day of May 2012.

                                      *[signature]*
                                      RICARDO S. MARTINEZ
                                      UNITED STATES DISTRICT JUDGE

Presented by:

FOR PLAINTIFF

ROBERT M. MCKENNA
Attorney General of Washington

| | |
|---|---|
| 1 | TINA E. KONDO |
| | Deputy Attorney General |
| 2 | Antitrust Division Chief |
| 3 | s/ Jonathan A. Mark                Dated: April 30, 2012 |
| | JONATHAN A. MARK, WSBA #38051 |
| 4 | Assistant Attorney General |
| | 800 5th Ave, Suite 2000 |
| 5 | Seattle, WA 98104-3188 |
| | (206) 464-7744 |
| 6 | jonathanm2@atg.wa.gov |
| 7 | |
| 8 | **Approved as to form; Notice of Presentation waived:** |
| 9 | FOR DEFENDANT |
| 10 | NATIONAL EXPRESS GROUP PLC |
| 11 | s/ Michael Hampson                Dated: April 30, 2012 |
| | Michael Hampson |
| 12 | Company Secretary and Group Legal Director |
| 13 | |
| 14 | COUNSEL FOR NATIONAL EXPRESS GROUP PLC |
| 15 | s/ Ronan P. Harty                Dated: April 30, 2012 |
| | Ronan P. Harty, Esquire |
| 16 | Davis Polk & Wardell |
| | 450 Lexington Avenue |
| 17 | New York, NY, 10017 |
| | ronan.harty@davispolk.com |
| 18 | (212) 450-4870 |
| 19 | s/ Jennifer Campbell                Dated: April 30, 2012 |
| | Jennifer Campbell, Esquire |
| 20 | Schwabe, Williamson & Wyatt |
| | 1420 5th Avenue, Suite 3400 |
| 21 | Seattle, WA 98101-4010 |
| | jcampbell@schwabe.com |
| 22 | (206) 622-1711 |
| 23 | |
| 24 | |
| 25 | |
| 26 | |